Chris Reichman  SBN 250485
PRATO & REICHMAN, APC
3737 Camino del Rio South, Suite 303
San Diego, CA 92108
Telephone: 619-683-7971
Facsimile: 619-241-8309

Attorney for Plaintiff JESUS V. RODRIGUEZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS V. RODRIGUEZ,<br><br>  Plaintiff,<br><br>  vs.<br><br>The CBE GROUP INCORPORATED, an Iowa Corporation,<br><br>  Defendant. | Case No.: **'12 CV 1969 CAB WMC**<br><br>**COMPLAINT**<br><br><br><br>Violation(s) of Telephone Consumer Protection Act of 1991<br>Trespass to Chattels<br>Unfair Business Practices |

COMES NOW Plaintiff JESUS V. RODRIGUEZ (hereinafter referred to as "Plaintiff") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff JESUS V. RODRIGUEZ ("Mr. Rodriguez" or "Plaintiff") is, and at all times herein mentioned was, a resident of the County of San Diego, State of California.

2. Defendant The CBE GROUP INCORPORATED, an Iowa Corporation, is, and at all times herein mentioned was, doing business in the County of San Diego, State of California.

3. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq. The U.S. Supreme Court recently decided that federals courts have federal

1

Complaint for, inter alia, Violation(s) of Telephone Consumer Protection Act of 1991

question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441. *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012). The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.  At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

5.  On or about December 17, 2011 at 9:13 am, Mr. Rodriguez received an autodialed call to his wireless phone (323-216-6060) from Defendant.

6.  Defendant was seeking some other person who it alleged owed a debt they were collecting.

7.  Mr. Rodriguez informed them that 323-216-6060 was his wireless phone number and had been for some time, and asked them not to call him again.

8.  Thereafter, Mr. Rodriguez received twenty (20) similar autodialed calls to his wireless phone (323-216-6060) from Defendant on each of the following dates and times: 12/17/2011 9:13 AM, 12/16/2011 2:59 PM, 12/16/2011 10:06 AM, 12/15/2011 4:50 PM, 12/15/2011 9:29 AM, 12/14/2011 6:24 PM ,12/14/2011 9:34 AM, 12/19/2011 9:10 AM, 12/19/2011 12:08 PM, 12/19/2011 4:16 PM, 12/20/2011 9:18 AM, 12/20/2011 12:47 PM, 12/20/2011 3:42 PM, 12/20/2011 6:23 PM, 12/21/2011 9:17 AM, 12/21/2011 2:12 PM, 12/22/2011 11:36 PM, 12/22/2011 4:49 PM, 12/26/2011 10:58 AM, 12/26/2011 1:34 PM, 12/26/2011 5:04 PM.

9. In the midst of these calls, on December 19, 2012, Mr. Rodriguez even went to the trouble to send a certified mail letter to Defendant at their primary corporate address again telling Defendant to stop its autodialed calling, and notifying them of his intent to bring suit for the illegal and abusive calls.

### FIRST CAUSE OF ACTION
[Violation(s) of Telephone Consumer Protection Act of 1991]

10. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

11. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

12. Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States Code

13. makes it unlawful for any person to "Make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a paging service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

14. Defendants have been calling Plaintiff's wireless phone number, using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are only the calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's wireless phone number. These calls were not made for any emergency purpose, nor were these calls exempt under subdivision (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

15. Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii). Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION
[Trespass to Chattel]

16. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

17. The conduct by defendants complained of herein, namely calling Plaintiff's number assigned to a paging service, using an artificial or prerecorded voice, without Plaintiff's express permission, constitutes an electronic trespass to chattel.

18. At no time did Plaintiff consent to this trespass.

19. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof.

20. In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## THIRD CAUSE OF ACTION
[Engaging in Unfair Business Practices]

21. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

22. Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

Complaint for, inter alia, Violation(s) of Telephone Consumer Protection Act of 1991

23.  Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 U.S.C. §227;
2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3. For compensatory damages according to proof;
4. For punitive damages;

On the THIRD CAUSE OF ACTION:

5. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

6. For attorney's fees;
7. For costs of suit herein incurred; and
8. For such further relief as the Court deems proper.

DATED: 8/8/12

PRATO & REICHMAN, APC

By: Christopher J. Reichman, Esq.
Prato & Reichman APC
Attorney's for Plaintiff,
JESUS V. RODRIGUEZ